MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

S. WAQAR HASIB (CABN 234818)
Assistant United States Attorney
   450 Golden Gate Ave., Box 36055
   San Francisco, California 94102
   Telephone:  (415) 436-7200
   Fax: (415) 436-7234
   E-Mail: waqar.hasib@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR-12-0030-EMC |
| ) | |
| Plaintiff, ) | STIPULATION AND [PROPOSED] |
| ) | PROTECTIVE ORDER REGARDING |
| v. ) | PRODUCTION OF CONFIDENTIAL |
| ) | DISCOVERY |
| ANTONIO JOSE DIAZ-RIVERA, a/k/a ) | |
|   Jose Angel MONROY, a/k/a Magico, ) | |
|   a/k/a Miguel, ) | |
| et. al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

    Plaintiff, by and through its attorney of record, and the defendants, by and through their attorneys of record, hereby stipulate and ask the Court to find as follows:

    1.    A federal grand jury in the Northern District of California has returned a 15-count indictment charging 20 individuals with various drug trafficking offenses.

    2.    The United States believes that the proposed protective order is necessary to preclude some discovery materials, which may contain the identities of potential witnesses and/or cooperating witnesses or information from which those identities may be discovered, from being disseminated among members of the public and to the defendant.  Specifically, the government

STIPULATION AND [PROPOSED] ORDER
CR-12-0030-EMC

1  believes that the proposed protective order will greatly reduce the possibility that individuals will
2  misuse discovery materials to identify, intimidate, and/or harm witnesses and/or defendants.
3        3.    Defendants and their counsel deny that any person would be endangered by the
4  defendants' possession of any discovery material in this matter.  The parties agree that no
5  inference should be drawn about the defendants' dangerousness because of their agreement to
6  enter into this stipulation and be subject to the protective order.
7        4.    The parties agree that the following conditions, if ordered by the Court, should
8  serve the government's interest in protecting witnesses, defendants, and other members of the
9  community and reduce the risk of retribution against cooperating witnesses by precluding the
10 circulation of these documents and digital media (e.g., CD-ROMs, DVDs, and digital
11 photographs) throughout the prison system and the community, while permitting the defense to
12 obtain discovery required by Federal Rule of Criminal Procedure 16 and the United States
13 Constitution.  Accordingly, the parties jointly request that the Court order as follows:
14        a.    For purposes of this Order, the term "defense team" refers to: (1) the
15 counsel of record for each defendant; (2) defense investigators assisting said counsel with this
16 case; (3) employees of said counsel's law office; and (4) any expert witnesses who may be
17 retained or appointed by said counsel.  For purposes of this Order, the term "defense team" does
18 not include the defendant.
19        b.    The government is authorized to provide the defense team with discovery
20 required by F.R.Cr.P. 16 and may, in its discretion, designate any discovery produced as
21 "Confidential Discovery" to be governed by the terms of this protective order.  The government
22 may designate discovery as confidential by marking such discovery as "CONFIDENTIAL" and
23 shall produce such discovery on a document, CD, or DVD marked "WARNING: CONTENTS
24 SUBJECT TO PROTECTIVE ORDER.  UNAUTHORIZED COPYING OR VIEWING IS
25 SUBJECT TO PUNISHMENT AS CONTEMPT OF COURT."
26        c.    The defense team shall not permit anyone, including the defendant, to have
27 possession of Confidential Discovery pursuant to this Order other than the defense team.
28        d.    The defense team shall not discuss the contents of any Confidential

STIPULATION AND [PROPOSED] ORDER
CR-12-0030-EMC

1 Discovery provided pursuant to this Order to anyone other than the defendant.  A defense team
2 member may show Confidential Discovery to the defendant or a potential witness only in the
3 physical presence of a defense team member, and may not permit the defendant or the potential
4 witness to have physical possession of the Confidential Discovery.

5        e.        The defense team shall not permit Confidential Discovery provided
6 pursuant to this Order to be outside of the defense team's offices, homes, vehicles, or personal
7 control.  The defense team may take Confidential Discovery into a custodial facility to show it to
8 the defendant, but, as explained above, the defense team must maintain physical possession of
9 the Confidential Discovery and may not allow the defendant to have physical possession of the
10 Confidential Discovery.

11        f.        In the event that one of the parties files a pleading that references or
12 contains Confidential Discovery or information therefrom, that filing must be made under seal.

13        g.        The defense team shall return all Confidential Discovery provided
14 pursuant to this Order to the government fourteen calendar days after any one of the following
15 events, whichever occurs latest in time: dismissal of all charges against the defendant; the
16 defendant's acquittal by court or jury; the conclusion of any direct appeal; the expiration of the
17 time period for filing a motion pursuant to 28 U.S.C. § 2255; or the district court's ruling on any
18 motion filed pursuant to 28 U.S.C. § 2255.  In the event that the defense team has made notes or
19 marks on the Confidential Discovery constituting work product the defense team shall return the
20 materials to the government in a sealed container labeled "WORK PRODUCT-DESTROY."

21        h.        After return of the materials, the government may destroy the Confidential
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

STIPULATION AND [PROPOSED] ORDER
CR-12-0030-EMC

Discovery.

      IT IS SO STIPULATED.

DATED:                                               Respectfully submitted,

                                                        MELINDA HAAG
                                                        United States Attorney

/s/                                                               /s/
_____                   _____
PETER GOODMAN                           S. WAQAR HASIB
Counsel for Luis AGUILAR SOTO           Assistant United States Attorney

/s/
_____
MARTÍN SABELLI
Counsel for Antonio Jose DIAZ-RIVERA

/s/
_____
DIANA WEISS
Counsel for Fatima SEGOVIA

/s/
_____
GEOFFREY GLENN
Counsel for Fortunato RODELO-LARA

/s/
_____
RANDY SUE POLLOCK
Counsel for Jesus ALMENDARES-VASQUEZ

/s/
_____
REBECCA RABKIN
Counsel for Jose EVARISTO-RAUDA

/s/
_____
HUGO CASTILLO
Counsel for Jose TOBAR-GALDAMEZ

STIPULATION AND [PROPOSED] ORDER
CR-12-0030-EMC

1  /s/
   _____
2  BRENDAN HICKEY
   Counsel for Marcos Antonio FLORES
3

4
   SO ORDERED.
5

6
   DATED:  November 16, 2012
7                                         _____
                                          HON. EDWARD M. CHEN
8                                         United States District Judge



STIPULATION AND [PROPOSED] ORDER
CR-12-0030-EMC