UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ANTONIO DIAZ-RIVERA, *et al.*,<br><br>    Defendants.<br>_____/ | Case No. CR-12-0030 EMC<br><br>**ORDER RE JOINDER TO RODELO-LARA'S MOTION TO COMPEL DISCLOSURE OF INFORMANTS' IDENTITIES; AND RESCHEDULING HEARING ON MOTION**<br><br>**(Docket No. 310)** |

    Counsel for Fortunato Rodelo-Lara filed a motion to compel disclosure of informants' identities which is currently set for hearing on February 19, 2014. *See* Docket No. 310. Briefing on the motion was completed on February 5, 2014. Based on the parties' briefs, it is clear that the parties have a dispute over whether the motion should be construed as one filed on behalf of Mr. Rodelo-Lara alone, or also on behalf of Santos Cabrera-Arteaga and Jesus Almendares-Vasquez.

    Although the first page of the motion indicates that the motion is being submitted on behalf of all three individuals, the Court does not find this purported joinder sufficient under the terms of its order of November 27, 2013. Simply naming other defendants is not sufficient to constitute joinder. There must be an "affirmative indication of joinder," Docket No. 279 (Order at 1) – *i.e.*, a formal notice of joinder filed by the other defendants or signatures from the other defendants' attorneys on the opening brief.

    Accordingly, the Court construes the pending motion as one filed on behalf of Mr. Rodelo-Lara alone.[1] However, to ensure due process, the Court shall give Santos Cabrera-Arteaga and Jesus

---

[1] This is particularly appropriate here because, substantively, the opening brief seems to address why there should be disclosure as to Mr. Rodelo-Lara only. *See* Mot. at 4 ("Mr. Rodelo-Lara seeks to interview the informants in order to investigate a possible defense based on Mr. Rodelo-Lara's lack of membership in a conspiracy."). No specific arguments are advanced on behalf of the others.

Almendares-Vasquez an opportunity to join the pending motion and to submit supplemental briefs to explain why disclosure is necessary as to them.  The Court emphasizes that, under *Roviaro v. United States*, 353 U.S. 53 (1957), and its progeny, there is a fact specific inquiry as to whether disclosure of an informant's identity is necessary; thus, an argument in favor of or against disclosure as to one defendant may not necessarily apply to another.

Santos Cabrera-Arteaga and Jesus Almendares-Vasquez shall have until **February 12, 2014**, to join in the motion and submit supplemental briefs.  The government shall then have until **February 19, 2014**, to file responsive briefs.  The February 19 hearing on the motion to compel disclosure is **VACATED** and rescheduled for **March 5, 2014, at 2:30 p.m.**

IT IS SO ORDERED.

Dated: February 6, 2014

_____
EDWARD M. CHEN
United States District Judge

2