United States District Court

For the Northern District of California

1
2
3
4
5               UNITED STATES DISTRICT COURT
6            NORTHERN DISTRICT OF CALIFORNIA
7
8 UNITED STATES OF AMERICA,          No. CR-12-0030 EMC
9       Plaintiff,
                                  **ORDER RE DEFENDANT RODELO-**
10   v.                                  **LARA'S PROPOSED JURY**
                                    **INSTRUCTIONS**
11 FORTUNATO RODELO-LARA, *et al.*,
12       Defendants.
13 _____/
14
15       Defendant Rodelo-Lara submitted proposed jury instructions on October 24, 2014. Docket
16 No. 468. The governmment submitted its objections on October 27, 2014. Docket No. 472. The
17 Court has considered the arguments of the parties, and has reviewed and intends to give the
18 additional instructions as provided below, subject to review based on the evidence elicited at trial.
19 Any party wishing to object or otherwise comment on the Court's intended additional instructions
20 shall file objections or comments by 5:00 p.m. Pacific Time on **Friday, October 31, 2014.**
21
22       IT IS SO ORDERED.
23
24 Dated: October 30, 2014
25                                 _____
26                                 EDWARD M. CHEN
                                United States District Judge
27
28

**United States District Court**
For the Northern District of California

1

2

**DEFENDANTS PROPOSED JURY INSTRUCTION NO. 1**

**STATEMENTS BY DEFENDANTS**

3      You have heard testimony that one or more of the defendants made a statement.  It is for you

4  to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.

5  In making those decisions, you should consider all the evidence about the statement, including the

6  circumstances under which the defendant may have made it.

7

8  Comment:  Ninth Circuit Model Criminal Jury Instruction 4.1.

9

10      Defendants have requested a statements made by the defendants instruction regarding the

11  government's evidence.  The government has objected to the Defendant's proposed instruction

12  because the statements by the Defendants that it intends to present are not "confessions."  The

13  government contends that this instruction will confuse the jury, because it is generally given

14  regarding "confessions," and is therefore inapplicable.

15      The government is correct that the statements by defendants instruction is not *required*

16  unless the statements at issue are "confessions" within the meaning of 18 U.S.C. § 3501.  *See United*

17  *States v. Hoac*, 990 F.2d 1099, 1108 n. 4 (9th Cir.1993), cert. denied, 114 S.Ct. 1075 (1994).

18  However, the Court is not precluded from giving the instruction and finds that this instruction is

19  appropriate for two reasons.  First, the Court sees no likelihood of confusion on the part of the jury,

20  as the instruction does not reference the term "confession."  Second, to the extent that the

21  government presents incriminating statements by the Defendants, those statements may be

22  confessions within the meaning of 18 U.S.C. § 3501(e).  *See* 18 U.S.C. § 3501(e) ("As used in this

23  section, the term 'confession' means any confession of guilt of any criminal offense *or any*

24  *self-incriminating statement made* or given orally or in writing.") (emphasis added).

25

26

27

28

2

United States District Court

For the Northern District of California

**DEFENDANTS PROPOSED JURY INSTRUCTION NO. 2**

~~SUMMARIES NOT RECEIVED IN EVIDENCE~~

~~During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case. These charts and summaries were not admitted in evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.~~

~~Comment: Ninth Circuit Model Criminal Jury Instruction 4.15.~~

The government objects to this instruction because the government intends to admit all of the summaries in this case into evidence, and anticipates being able to lay a proper foundation to do so. The government is correct that this instruction should only be given if the jury is presented with charts or summaries *not* admitted into evidence. *See United States v. Krasn*, 614 F.2d 1229, 1238 (9th Cir.1980).

In light of the fact that neither party anticipates presenting a summary that will *not* be admitted into evidence (unless such summary is presented at trial), the Court finds this instruction unnecessary.

**United States District Court**
For the Northern District of California

1

### DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 3

2

### ~~WILLFULLY – DEFINED~~

3    ~~An act is done willfully if it is undertaken with a wrongful purpose with knowledge that the~~

4    ~~conduct was unlawful.~~

5

6    ~~Authority:       Comment to Ninth Cir. Model Criminal Instruction No. 5.5.~~

7

8         The government objects to this instruction because (1) willfulness is not an element of any of

9    the crimes charged in this case; (2) the instruction erroneously implies a "mistake of law" defense to

10   the crimes charged; and (3) the definition is otherwise deficient.

11        The Court finds this instruction inappropriate because none of the crimes charged require a

12   finding that they were carried out "willfully."  The Court need not address the government's second

13   or third argument, because the first is a sufficient basis for rejecting Defendants' proposed

14   instruction as unnecessary and confusing.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**

For the Northern District of California

1

2

### DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 4

### ~~MERE PRESENCE / ASSOCIATION~~

3       ~~Mere presence at the scene of a crime, mere knowledge that a crime is being committed, or~~

4 ~~mere association with others is not sufficient to establish that the defendant committed the crime of~~

5 ~~*possession with intent to distribute 5 kilograms or more of cocaine, 280 grams or more of crack*~~

6 ~~*cocaine, and 500 grams or more of methamphetamine*. The defendant must be a participant and~~

7 ~~not merely a knowing spectator. The defendant's presence may be considered by the jury along with~~

8 ~~other evidence in the case.~~

9       ~~*Likewise, with regard to conspiracy, proof that a defendant simple knew about a*~~

10 ~~*conspiracy, or was present at times, or associated with members of the group, is not enough, even*~~

11 ~~*if he or she approved of what was happening or did not object to it. Similarly, just because a*~~

12 ~~*defendant may have done something that happened to help a conspiracy does not necessarily*~~

13 ~~*make him a conspirator. These are all things that you may consider in deciding whether the*~~

14 ~~*government has proved that a defendant joined a conspiracy. But without more they are not*~~

15 ~~*enough.*~~

16

17 ~~Authority: Ninth Cir. Model Criminal Instruction No. 6.10 (2010); *see also* Sixth Cir. Criminal~~

18 ~~Pattern Instruction No. 3.03; Seventh Cir. Pattern Criminal Federal Jury Instruction No. 5.11.~~

19

20       The government objects to Defendants' requested mere presence instruction because it

21 intends on presenting incriminating evidence beyond the Defendants' presence in a certain place and

22 at a certain time. In support of its objection the government correctly points out that the comment to

23 the "mere presence" instruction within the Ninth Circuit Model Criminal Instructions provides that:

24 "a 'mere presence' instruction is unnecessary if the government's case is not solely based on the

25 defendant's presence and the jury has been instructed on the elements of the crime."

26       Further, the government's represents to the Court that it will present evidence of Defendants

27 actively engaging in the crimes charged, and it will not base its case solely on the presence of the

28 Defendants at a particular location at a particular time. *See* Docket No. 472 at 3. Based on the

government's representations and provided the evidence at trial is in accord, the Court finds this instruction inappropriate.  *See* Ninth Circuit Model Criminal Instruction No. 6.10 (2014) (citing *United States v. Tucker*, 641 F.3d 1110 (9th Cir.2011); *see also United States v. Gooch*, 506 F.3d 1156, 1160 (9th Cir.2007).

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1

2

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 5**

**GOOD FAITH / LACK OF INTENT**

3    ~~The good faith of the defendant is a complete defense to the charges because good faith on~~

4    ~~the part of the defendant is simply inconsistent with intent to possess and distribute a controlled~~

5    ~~substance.~~

6    ~~A person who acts on a belief or opinion honestly held is not punishable under the statute~~

7    ~~merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong.  An honest~~

8    ~~mistake in judgement or error in management does not rise to the level of criminal intent.~~

9    ~~The possession and distribution statute at 21 U.S.C. § 841 (a)(1) is written to subject to~~

10   ~~criminal punishment only those people who knowingly possess with an intent to distribute and/or~~

11   ~~knowingly distribute a controlled substance.  Similarly, the conspiracy statute at 21 U.S.C. § 846~~

12   ~~applies only if the defendant willfully participated in an unlawful plan with the intent to advance of~~

13   ~~further some object or purpose of the conspiracy.~~

14   ~~While the term "good faith" has no precise definition, it means, among other things, a belief~~

15   ~~or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair~~

16   ~~advantage.~~

17   ~~The burden of proving good faith does not rest with the defendant because the defendant~~

18   ~~does not have any obligation to prove anything in this case.  It is the government's burden to prove~~

19   ~~to you that the defendant acted with the intent to possess and distribute a controlled substance and~~

20   ~~without good faith beliefs or opinion.~~

21   ~~If the evidence in the case leaves the jury with a reasonable doubt as to whether the~~

22   ~~defendant acted knowingly and willfully, you must acquit the defendant.~~

23

24   ~~Authority:  1A O'Malley, Grenig, & Lee, Federal Jury Practice and Instructions § 19.06 (6th ed.~~

25   ~~2008) ("The Good Faith Defense Explained"); *United Stated v. Weiner*, 578 F.2d 757, 786-787 n. 28~~

26   ~~(9th Cir.), cert. denied, 439 U.S. 981, 99 S. Ct. 568, 58 L. Ed.2d 651 (1978).~~

27   *///*

28   *///*

United States District Court

For the Northern District of California

1    The government objects to this instruction because it erroneously implies that "good faith"

2    is an element of the crimes charged and provides a confusing definition of "good faith."

3    The government is correct that Defendants' proposed good faith instruction is unnecessary

4    and, even if it were necessary, the instruction misstates the law.

5    First, it "is well settled that a criminal defendant has 'no right' to any good faith instruction

6    when the jury has been adequately instructed with regard to the intent required to be found guilty of

7    the crime charged, notwithstanding the normal rules governing 'theory of defense' requests."

8    *United States v. Shipsey*, 363 F.3d 962, 967 (9th Cir. 2004), as amended (May 12, 2004) (citing

9    *United States v. Frega*, 179 F.3d 793, 804 (9th Cir.1999) (where district court provided adequate

10   instruction on specific intent element of mail fraud, instruction that "good faith was a complete

11   defense" was not required); *United States v. Dees*, 34 F.3d 838, 842 (9th Cir.1994) (specific good

12   faith instruction is unnecessary where the court has already adequately instructed the jury as to

13   specific intent).

14   Here, the Court will instruct the jury on each element of the crimes charged, including the

15   intent requirement.  *See* Docket No. 478 at 40-42.  Thus, Defendants are not entitled to an

16   instruction on "good faith" as an element of the crimes charged or as a theory of defense.

17   Second,  Defendants' proposed instruction misstates the law.  Specifically, the instruction

18   provides that the government has the burden to prove "that the defendant acted with the intent to

19   possess and distribute a controlled substance ***and without good faith beliefs or opinion***."  Docket

20   No. 468 at 6 (emphasis added).  That statement is confusing and erroneous.  The government is not

21   required to disprove good faith.

22   Accordingly, the Court finds that this instruction is unnecessary, inaccurate, and will

23   needlessly confuse the jury.

24

25

26

27

28

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 6**

**DUTY TO FIND SINGLE OBJECT OF THE**

**CONSPIRACY / SPECIFIC ISSUE UNANIMITY**

~~Count One of the indictment charges a conspiracy to possess with intent to distribute and to distribute cocaine and crack cocaine, and methamphetamine. The charged conspiracy alleges a specific unlawful agreement. To find any of the defendants guilty of this charge, the government must prove beyond a reasonable doubt that between June 9, 2009 and January 17, 2012, the defendants did knowingly and intentionally conspire to possess with intent to distribute and to distribute 5 kilograms or more of cocaine and 280 grams or more of crack cocaine.~~

~~You cannot find a defendant guilty of the conspiracy charges here unless you unanimously agree that the conspiracy charged here was the objective of that individual defendant. It is not enough if some of you agree that the conspiracy charged was the crime agreed to by some of the defendants and others agree that a different conspiracy was the objective agreed to by the defendants.~~

~~Authority: Indictment, Count One; Comment to Ninth Cir. Model Criminal Instruction No. 7.9; Third Cir. Model Criminal Jury Instructions § 6.18.371C; Eighth Cir. Model Criminal Jury Instructions § 5.06F; Eleventh Cir. Pattern Jury Instructions (Criminal Cases) § 13.2.~~

The government objects to Defendants' proposed specific unanimity instruction because (1) it is duplicative of the conspiracy instruction; and (2) it indicates that both Defendants are being charged with a single conspiracy, when each of the Defendants are actually charged with a two different conspiracies.

The government is correct that the instruction on conspiracy sufficiently instructs the jury that they must unanimously agree as to the "particular crime which the conspirators agreed to commit." *See* Docket No. 478 at 40-41. In light of the conspiracy instruction, the Court finds the Defendants' proposed unanimity instruction duplicative and unnecessary. *See* Ninth Cir. Model Criminal Instruction No. 7.9 (citing *United States v. Lyons*, 472 F.3d 1055, 1068 (9th Cir.2007) (the

"general unanimity instruction suffices to instruct the jury that they must be unanimous on whatever specifications form the basis of the guilty verdict."). As to the charging of two different conspiracies, that is discussed below.

United States District Court
For the Northern District of California

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 7**

**MULTIPLE CONSPIRACIES**

The indictment charges each defendant with being a member of two different conspiracies in Count 1 and Count 2.  You must decide whether each conspiracy charged in Count 1 and Count 2 of the indictment existed, and, if either did, who at least some of its members were as to each such conspiracy found.  If you find that either one of the conspiracies charged did not exist, you must return a not guilty verdict as to the defendant charge with *that* conspiracy, even if you find that a different conspiracy existed.  Similarly, if you find a defendant was not a member of the conspiracy with which that defendant is charged, you must return a not guilty verdict as to that defendant on that charge of conspiracy, even if that defendant may have been a member of a different conspiracy.

Comment:  Ninth Circuit Model Criminal Instruction 8.22

Defendants request an instruction on multiple conspiracies.  The government objects.  The government contends that because "the indictment in this case does not charge a single conspiracy, a multiple conspiracy instruction is inappropriate."  In short, the government argues that a multiple conspiracy instruction is only appropriate when the indictment charges a single conspiracy.  The government does not cite any authority for that proposition.

The Court reserves judgment on this instruction pending evaluation of the evidence at trial. The instruction may depend on whether the government in fact elicits evidence as to two separate conspiracies as charged or whether the evidence suggests a single conspiracy.  See *United States v. Perry*, 550 F.2d 524, 533 (9th Cir. 1977) ("[w]hen the possibility of a variance appears between the indictment and the trial proof [as to the number of conspiracies involved], the trial court should instruct the jury on multiple conspiracies.").

///

///

///

///

11

Depending on the evidence at trial,  the Court is inclined to give the above instruction if the government proceeds on the charge there are two separate and distinct conspiracies, because it will be helpful to prevent jury confusion by making clear that: (1)  two conspiracies are charged; (2) the jury must make an independent determination as to the existence of each conspiracy; and (3) the jury must make an independent determination as the involvement of each defendant in each conspiracy.

**United States District Court**

For the Northern District of California